### 747. SIMMONS *v.* THE STATE.

A conviction for larceny can not be sustained when all the circumstances
are inconsistent with the existence of an animus furandi.

Accusation of larceny from house, from city court of Americus
—Judge Crisp. August 8, 1907.

Argued October 9,—Decided October 14, 1907.

*Blalock & Cobb, H. B. Simmons,* for plaintiff in error.

*Zach. Childers, solicitor,* contra.

POWELL, J. The defendant was charged with larceny from the
house, in that he stole from the house of George Oliver a bushel
of oats, a bushel of corn, and ninety pounds of hay, the property
of said Oliver. Oliver did not prosecute, but one Charlie Burke,
an employee of his, did so. The undisputed evidence shows that
the defendant was a team driver for Oliver, who was a contractor
and who was engaged in having some dirt moved, at what is called
in the record "the gully," or "fill." Oliver kept in Americus a

store and warehouse. It was the duty of the defendant to feed the stock; and he had been bringing them to the stables at the warehouse and feeding them there. On the morning of the alleged larceny, he went to the warehouse, and in the presence of Oliver's clerk or superintendent, a white employee in the store, whose business it was to overlook the feeding of the stock, took out a bushel of oats, a bushel of corn, and the bundle of hay, put them on the wagon at the side door, and drove around to the front of the store, where Burke, another clerk of Oliver's, stopped him and told him to put the feed back. The defendant stated, at the time, that he was taking the feed-stuff in order that he might feed the mules down at the "gully," where they were working, instead of bringing them back to the warehouse at noon. This occurred in December. The defendant continued to work for Oliver, and Oliver paid him his wages. Afterwards he quit working for Oliver, and at that time was indebted to him in the sum of three dollars. After the defendant quit work thus indebted, Burke, at Oliver's instance, so Burke says (though Oliver denied remembering this instruction), in the April following instituted this prosecution.

That an intent to steal is essential to the existence of the crime of larceny is so elementary as to require no citation of authorities. While this intent may be circumstantially proved, and may be inferred from a state of facts capable of supporting that inference, yet there must be some legal proof of it in every case. We have no hesitancy at all in saying that the facts in this case are utterly inconclusive of any such inference. In fact, the record much more strongly indicates malice in the prosecution than it does guilt on the part of the defendant. *Mitchell* v. *State*, 103 *Ga.* 17 (29 S. E. 435) ; *Causey* v. *State*, 79 *Ga.* 564 (5 S. E. 121, 11 Am. St. R. 447).                              *Judgment reversed.*