### BATTLE *v.* THE STATE.

1. The court erred in not granting the defendant a postponement of the trial for a reasonable time within which to locate and procure the attendance of the absent witness, or a continuance of the case for the term.
2. The law does not require "other equivalent circumstances" referred to in section 65 of the Penal Code to be in the nature of an assault or an attempt to commit a serious personal injury by the deceased, but the circumstances therein referred to must be the equivalent of an assault, or an attempt to commit a serious personal injury, in excluding all idea of deliberation or malice and in justifying the excitement of passion. The "other equivalent circumstances" referred to must be such as would as much exclude all idea of deliberation or malice and justify the excitement of passion as would an assault, or an attempt to commit a serious personal injury.

Submitted July 19,—Decided 'August 12, 1909.

Indictment for murder. Before Judge Lewis. Jones superior court, June 8, 1909.

*J. A. Henderson* and *F. Holmes Johnson,* for plaintiff in error.

*John C. Hart, attorney-general,* and *Joseph E. Pottle, solicitor-general,* contra.

HOLDEN, J. The defendant was convicted of murder, without recommendation, and to the order of the court denying him a new trial he excepted. One of the grounds of the motion for a new trial is as follows: "The court erred in not granting movant a continuance upon motion made at the call of said case and before pleading to the merits, the motion for continuance being as follows: *A.* That on the 20th day of April the court ordered movant brought into court, and on inquiry made by the court it appeared that movant did not have and was not able to employ counsel, and thereupon the court appointed J. A. Henderson and R. N. Hardeman as counsel for defense. That on the following day the case of the State vs. movant was called for trial; and the State having announced ready, J. A. Henderson, acting as leading counsel for the defense, stated in his place that he was unprepared to go to trial, because he had not had sufficient time

to prepare the defense, counsel having been appointed during the morning of the preceding day. That defendant had a great many witnesses, and that he had not had time to consult said witnesses and inquire into their knowledge of the facts surrounding the homicide; and further that the court had excused his associate counsel, Mr. R. N. Hardeman, and appointed, just a few minutes before the call of said case, F. Holmes Johnson to assist him in the trial, and that Mr. Johnson had not even consulted with him and knew nothing of the facts in said case; and that his motion was not made for the purpose of delay, and that even one day would greatly benefit him in preparing the defense. *B.* That Jim Morris, a material witness for movant, was absent, and it being conceded by counsel for the State and defendant that a subpœna had issued for said witness, the evidence for the purpose of sustaining the motion being as follows: Movant being sworn testified, in brief, as follows: 'I had Jim Morris subpœnaed to this term of the court. He is an important witness in my case. I expect to prove by witness that when deceased fell witness took the pistol out of deceased pocket. That witness was right there and saw everything, saw how everything was. I expect witness to tell the truth about it. After witness got the pistol, witness jumped out of the window with it. I do not know why witness is absent from court, and it is not by my consent or procurement. (A bailiff was sent by the court to Macon to bring Jim Morris here to testify in this case, but the bailiff reported that he could not find Morris in Macon or anywhere else.) Witness was going out of the window the last time I saw him on the night I shot deceased. Have not seen witness since. Witness was there at the time I shot, and was looking at me and deceased. I expect to show by witness that after I shot, and after deceased fell, witness took the pistol out of deceased pocket. I expect to prove by witness that the deceased was coming out of his pocket with his pistol when I shot. Witness took the pistol and he took it out of deceased pocket after he fell. I have been in jail ever since about the 4th of January this year. I have had subpœnas issued for witness and others. Mr. Judge Dumas issued them for me. I told Judge Dumas to have one issued for this witness. I know I told Judge Dumas before Wednesday of last week. Witness lived in the county when I was out of jail, and I do not know if·

the other witnesses saw the same thing as this witness saw. I do not know whether they saw as much as he did. They were all them in the house, and there was a big crowd. A bailiff is now out looking for Jim Morris in Macon.' For the State W. T. Bloodworth testified in brief as follows: I do not know why Jim Morris went away. He owed me four dollars, and told me he was going to leave. Said he was afraid to come to court. He went away about two weeks ago. I do not know where he is. I heard indirectly that he was in Macon. He was working for me before that time."

We think the court erred in not continuing the case, or in not postponing the hearing for such time as would allow a reasonable time for the defendant to procure the witness Jim Morris. If a person accused of crime is committed by the committing officer, the defendant can have such officer or the clerk of the superior court to issue, and can have served, subpœnas on witnesses as he may deem material to his defense, "provided, that such subpœnas shall not extend to witnesses for the defendant, out of the county, until a true bill is found against the defendant." Penal Code, § 918. It does not appear that the defendant was committed. The absent witness left the county two weeks before the case was called for trial in the superior court. If it is to be presumed that the defendant was committed, it does not appear and can not be presumed when he was committed. If committed at all, as far as disclosed by the record, it may have been after the witness left the county. If defendant did not apply for a subpœna until after the absent witness had removed from the county, his application could not be granted until after he was indicted. If the defendant was not committed, he had no right to obtain a subpœna for any witness, whether they were in or out of the county, until he was indicted. The defendant was indicted on the 19th day of April, counsel to represent him were appointed on the 20th, and the trial appears to have been had on the 21st. When the motion for a continuance was made, a bailiff was in Macon looking for the witness. It does not appear that the witness could not be found if further time was allowed in which to search for him. The testimony of the absent witness was very material. We think the court committed error in not continuing the case, or postponing it for a reasonable time within which the defendant

might have the opportunity to have the witness located and served with the subpœna. In this connection, see *Rumsey* v. *State,* 126 *Ga.* 419 (55 S. E. 167).

2. Another ground of the motion for a new trial was as follows: "Because the court erred in charging the jury as follows: 'The other provocation recognized by law is embraced in the words, "other equivalent circumstances." Where the killing occurs in a heat of passion growing out of other equivalent circumstances, and not in self defense, the killing would be voluntary manslaughter under the law. "Other equivalent circumstances" has reference to an assault as I have defined, and has reference to a serious personal injury as I have defined. The law lays down these two standards and leaves the jury to infer from them whether other equivalent circumstances exist.' This was error, for the following reason: The use of the words 'reference to an assault and serious personal injury' could make but one impression upon the minds of the jury, and that is that the circumstances, in order to be equivalent, must be of the nature and character of an assault or personal injury. But under the law they must simply be of such character as would justify the excitement of passion and exclude all idea of deliberation; and whilst they must be equal to an assault or personal injury, or bringing about such a result, it does not follow that they must be of such a character and nature." We do not think the charge was subject to the criticism that the jury was likely led thereby to believe that "other equivalent circumstances" had to be in the nature of an assault or serious personal injury. However, we think the court should have made it clearer that the other equivalent circumstances might exist without such circumstances being in the nature of an assault or personal injury. The law does not require "other equivalent circumstances" referred to in section 65 of the Penal Code to be in the nature of an assault or an attempt to commit a serious personal injury by the deceased, but the circumstances therein referred to must be the equivalent of an assault, or an attempt to commit a serious personal injury on the slayer, in excluding all idea of deliberation or malice and in justifying the excitement of passion. The "other equivalent circumstances" referred to must be such as would as much exclude all idea of deliberation or malice and justify the excitement of passion as would an assault or attempt to

commit a serious personal injury. *Rumsey* v. *State,* supra; *Mack* v. *State,* 63 *Ga.* 693, 696; *Findley* v. *State,* 125 *Ga.* 579 (54 S. E. 106). The standard fixed by the law is an assault, or an attempt to commit a serious personal injury, and the jury are to determine under the facts whether circumstances other than an assault, or an attempt to commit a serious personal injury, exist and are the equivalent of either of these in justifying the excitement of passion and in the exclusion of all idea of deliberation or malice. There can be no voluntary manslaughter in any killing unless such killing is done in the heat of passion and without deliberation or malice. This excitement of passion and absence of deliberation or malice must exist from an assault, or an attempt to commit a serious personal injury by the deceased, or other equivalent circumstances.

We do not think that in the other charges complained of, or in the failure to charge of which complaint is made, there was any error requiring a new trial.

*Judgment reversed. All the Justices concur.*