# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## OCTOBER TERM, 1910.

---

### ROBINSON v. THE STATE.

There was no evidence to warrant the court in charging the jury on the subject of voluntary manslaughter, involuntary manslaughter, or misfortune and accident as defined in the Penal Code, § 40; and the court committed no error in failing to instruct the jury as to the law on either of these subjects. The evidence authorized the verdict, and the court committed no error in refusing a new trial.

OCTOBER 11, 1910.

Indictment for murder. Before Judge Martin. Laurens superior court. April 6, 1910.

*H. P. Howard* and *John R. Cooper,* for plaintiff in error.

*John C. Hart, attorney-general,* and *E. D. Graham, solicitor-general,* contra.

HOLDEN, J. The defendant in error was indicted for the murder of Will Jackson. The substance of the testimony of witnesses for the State as to what occurred at the time of the killing was as follows: The defendant came into the house where they and Will Jackson were; he was singing as he came in, and said to Will Jackson, "If you aint prayed, you better had pray." The deceased was sitting on a sack of potatoes. The defendant walked up to him, placed the end of the barrel of the gun on him twice, taking it down each time. He placed it against "Jackson's left side near the shoulder" the third time, and fired the gun, killing the deceased. Lee Norris did not fire the gun, but was in another place in the room at the time the gun was fired. One of the witnesses testi-

fied that the deceased at the time of the killing did nothing to cause the defendant to shoot. The defendant in his statement said that he did not fire the gun, but that he had the gun under his arm and Lee Norris came up behind him and took the gun and fired it, killing the deceased, and in doing so shot off a part of the defendant's finger. The jury rendered a verdict finding the defendant guilty, and to the order of the court refusing him a new trial he excepted.

The only complaints made in the motion for a new trial, other than those contained in the general grounds of the motion, are that the court erred in failing to charge the jury on the law relating to voluntary manslaughter, involuntary manslaughter, and section 40 of the Penal Code, providing: "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears that there was no evil design or intention, or culpable neglect." We do not think the court erred in failing to charge upon any of these subjects. The defendant's statement would not authorize a charge upon either of them. He claimed that he did not fire the gun; and if his statement is true, and another party fired the gun and committed the offense, as claimed by the defendant in his statement, the latter would not in any way be responsible. The testimony of the witnesses for the State was to the effect that the defendant, after stating to the deceased, "If you aint prayed, you better had pray," placed the gun against the body of the deceased and fired it, thereby inflicting the mortal wound. This testimony would not authorize a charge on either of the subjects above named. The testimony hereinabove set out was the only testimony detailing the facts immediately connected with the homicide, and was the only testimony under which it could be contended that the defendant was entitled to the charges which he claims the court should have given. Even had the defendant's statement raised a theory upon which it would have been proper to give one or more of the charges referred to, as has been several times held by this court, the failure of the trial judge to so charge, in the absence of a timely written request on the part of the defendant to do so, would not constitute error requiring a new trial. The evidence authorized the verdict, and the court committed no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*