### 4351. LAND v. THE STATE.

HILL, C. J. 1. "In all counties of this State having therein a city of ten thousand inhabitants, two or more judges of the superior court may preside in banc; or said courts may be held in two or more sections at the same time, by different judges, in separate rooms in the courthouse, or at the county-site, as may be convenient." Civil Code (1910), § 4866. This section applies to both civil and criminal cases. Id. § 4869. This court judicially knows that the city of Macon, Bibb county, is a city of ten thousand inhabitants or more, and, therefore, that in that county two judges of the superior court may hold two sessions of said court in separate rooms in the court-house at the same time. ·

2. Exceptions to portions of the charge relating solely to the law of murder become immaterial where the verdict is not for murder, but for voluntary manslaughter.

3. Evidence of a mutual intention to fight, or circumstances in evidence tending to show such intention, will authorize a charge on the law of voluntary manslaughter on the trial of an indictment for the offense of murder. *Ray* v. *State*, 15 *Ga.* 223; *Russell* v. *State*, 88 *Ga.* 297 (14 S. E. 583); *Garner* v. *State*, 6 *Ga. App.* 789 (5), (65 S. E. 842). In this case there were circumstances from which the jury were authorized to infer that both parties, under the influence of a sudden heat of passion, intended to engage in mutual combat.

4. Where there ·was evidence that the deceased had been guilty of frequent sexual intercourse with the wife of the accused, and knowledge of the fact had been brought home to the accused before the killing, and after such knowledge the accused came upon the deceased, and, in a conversation with him in reference to the illicit relations, the passions of the accused were aroused, it was a question for the jury to determine whether the sight of the deceased and the conversation which then ensued constituted "other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice,

either express or implied;" and a charge to the effect that if the jury believed that the circumstances at that time were such as to arouse in the mind of the accused that passion supposed to be irresistible, and he shot and killed under those circumstances, it would not be murder, but voluntary manslaughter, is substantially a correct statement of the law. The law does not require the "other equivalent circumstances," referred to in section 65 of the Penal Code, to be in the nature of an assault, or an attempt to commit a serious personal injury by the deceased; but the circumstances therein referred to must be, in the opinion of the jury, the equivalent of an assault, or of an attempt to commit a serious personal injury on the slayer, in justifying the excitement of passion and excluding all idea of deliberation or malice.    *Battle* v. *State*, 133 *Ga.* 185 (65 S. E. 382), and citations.

5. The charge of the court on the subject of dying declarations, on the law of self-defense, and on the right of the accused to protect and defend the virtue of his wife, was correct, being in the language of the statutes of this State, and following the repeated decisions of the Supreme Court in construing such statutes.

6. Statements by the deceased in which he acknowledged his criminal relations with the wife of the accused, which statements were not brought to the knowledge of the accused before the killing, were not admissible for the purpose of impeaching the dying declaration, there being in the dying declaration nothing relating to that subject. These uncommunicated statements were irrelevant for any purpose shown by the evidence in this case.

7. A careful consideration of all the questions raised by the record discloses no material error of law; and there being proof of circumstances sufficient to authorize the jury to find that the crime was not murder, but voluntary manslaughter, the court properly gave in charge the law of voluntary manslaughter; and a verdict for that offense having been found, and the trial judge having approved it, this court does not feel warranted in disturbing it.          *Judgment affirmed.*

DECIDED OCTOBER 22, 1912.

Conviction of manslaughter; from Bibb superior court—Judge R. T. Daniel. June 22, 1912.

*John R. Cooper, Minter Wimberly, Sidney W. Hatcher,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.