### 4685.  GRAY v. THE STATE.

HILL, C. J.  1. Where, on the trial of one indicted for murder, he is con-victed of involuntary manslaughter in the commission of an unlawful act, error in the judge's instructions to the jury on the law of murder, or of voluntary manslaughter, becomes immaterial.

2. The court did not err in charging the jury as follows: "If you believe that the defendant pointed and aimed a gun at the deceased, and did not aim to kill him, but that he was not justified in pointing the gun at him, and believe . . that the deceased, in an endeavor to take away the gun, jerked it, and they were scuffling over it, and that it accidentally fired while he was pointing it unlawfully at the deceased, then, in that event, he would be guilty, under the law, of involuntary manslaughter in the commission of an unlawful act." *Baker* v. *State,* ante, 553 (77 S. E. 884).

3. Where the accused, in a trial for murder alleged to have been com-mitted by shooting, has been allowed to prove by a witness a positive declaration made by the decedent, giving in detail the occurrences be-tween himself and the accused which resulted in the shooting, and, in the same connection, saying, "I do not think the boy meant to hurt me; it was merely an accident," it was not erroneous for the trial judge to instruct the jury to the effect that the statement above quoted was merely the opinion or conclusion of the declarant, and was without probative value.  This instruction seems to be clearly within the prin-ciple announced by the Supreme Court in *Ogletree* v. *State,* 115 *Ga.* 835 (42 S. E. 255), where it is held that the mere statement of a con-clusion by the declarant should not have been admitted, as it was manifestly without any probative value whatever.  See, also, *Sweat* v. *State,* 107 *Ga.* 712 (33 S. E. 422).

4. No material error of law appears, and the evidence supports the verdict.          *Judgment affirmed.*

DECIDED APRIL 16, 1913.

Conviction of involuntary manslaughter; from Hart superior court—Judge Meadow. January 3, 1913.

*J. H. Skelton, J. N. Worley,* for plaintiff in error.

*Thomas J. Brown, solicitor-general, A. G. & Julian McCurry,* contra.