### 9719. CRONE *v.* THE STATE.

BLOODWORTH, J. 1. The charge to the jury that "malice shall be implied where no considerable provocation appears, and where all the circumstances of the killing show an abandoned and malignant heart" (Penal Code, § 62), was not subject to exception on the ground that the judge erred in so charging "without going further and charging and instructing the jury that if considerable provocation appeared and all the circumstances did not show that the killing was of an abandoned and malignant heart, no malice would be implied." The accused was not convicted of murder, but was convicted of manslaughter; and for this reason the instruction on the subject of malice could not have been prejudicial to him. *Simpson* v. *State,* 12 *Ga. App.* 292 (77 S. E. 105); *Gray* v. *State,* 12 *Ga. App.* 634 (77 S. E. 916); *Land* v. *State,* 11 *Ga. App.* 761 (2) (76 S. E. 78). Moreover, "a correct and pertinent charge is not rendered erroneous by failure to give other instructions, appropriate to the case, in connection therewith." *Grimsley* v. *Singletary,* 133 *Ga.* 56 (3), 57 (65 S. E. 92, 134 Am. St. R. 196). *Western & Atlantic R. Co.* v. *Watkins,* 14 *Ga. App.* 388 (4), 394 (80 S. E. 916) and cases cited.

2. The court charged the jury: "It is the duty of a jury, in the investigation of a criminal case, to consider along with the evidence the defendant's statement; and after considering the entire case, all of the circumstances surrounding it and part of it under the law as given in charge by the court, then you determine what it is." This is alleged to be error because the court did not explain what was meant by the expression "then you determine what it is." While this portion of the charge was subject to criticism, yet, when considered in connection with the entire charge, we do not think it was calculated to mislead the jury to the prejudice of the defendant.

3. The evidence authorized the verdict, which has the approval of the trial judge, and this court will not interfere.

*Judgment. affirmed. Broyles, P. J., and Harwell, J., concur.*

DECIDED OCTOBER 9, 1918.

Indictment for murder—conviction of manslaughter; from Habersham superior court—Judge J. B. Jones.  March 15, 1918.

R. E. A. Hamby, T. L. Bynum, J. C. Edwards & Sons, for plaintiff in error.

Robert McMillan, solicitor-general, contra.