## 21181. HORTON v. THE STATE.

BLOODWORTH, J.  1. Special grounds 1, 2, 4, and 6 of the motion for a new trial allege that the court erred in charging the jury the law of voluntary manslaughter because, the movant insists, "there is no manslaughter in the case." The evidence and the statement of the accused show a mutual intention to fight, and this authorized a charge on voluntary manslaughter. *Land* v. *State*, 11 *Ga. App.* 761 (3) (76 S. E. 78) ; *Williams* v. *State*, 125 *Ga.* 302 (1b) (54 S. E. 108).

2. In charging the law of manslaughter the court told the jury that manslaughter "may be voluntary upon a sudden heat of passion, or involuntary in the commission of an unlawful act, or involuntary in the commission of a lawful act without due caution and circumspection." In charging on involuntary manslaughter at all the judge committed error, but he immediately told the jury that "the latter part of that [the part of the charge just quoted] has no bearing on this case—that is as to involuntary manslaughter." The effect of the latter clause is to specifically modify the erroneous statement and render it harmless. *Fountain* v. *State*, 23 *Ga. App.* 123 (9) (98 S. E. 178). The jury could readily see that the judge was correcting the erroneous statement in

reference to involuntary manslaughter, and the jury could hardly have been misled by the judge's error. *Atlantic & Birmingham Ry. Co.* v. *Smith*, 2 *Ga. App.* 294 (58 S. E. 542).

3. The excerpt from the charge quoted in special ground 2 of the motion for a new trial is a quotation from section 65 of the Penal Code of Georgia, and for no reason alleged was it error to give it in charge to the jury.

4. The instructions given the jury and quoted in ground 3 of the motion for a new trial were not erroneous, as the evidence of the State and the statement of the court show a mutual intention to fight; nor were the words in the charge, "evidence of such assault may be found in the mutual intention to fight and in the fact of approach by the deceased towards the defendant in the futherance of this design when it was not necessary for him to do so in his defense," erroneous for any reason urged. See *Donaldson* v. *State*, 40 *Ga. App.* 363 (4) (149 S. E. 429); *Ray* v. *State*, 15 *Ga.* 223 (5); *Ison* v. *State*, 154 *Ga.* 417 (114 S. E. 351).

5. The instructions given the jury and complained of in ground 4 of the motion for a new trial were correct statements of the law applicable to the facts, and a new trial should not be required because of this portion of the charge.

6. The portions of the charge embraced in special grounds 5 and 7 of the motion for a new trial relate solely to the law of murder, and errors therein are immaterial when the verdict is voluntary manslaughter. See *Land* v. *State*, supra; *Arnold* v. *State*, 29 *Ga. App.* 285 (114 S. E. 922), and cit.; *Hooks* v. *State*, 27 *Ga. App.* 587 (1a) (109 S. E. 699); *Dunwoody* v. *State*, 23 *Ga. App.* 93 (97 S. E. 561); *Thompson* v. *State*, 24 *Ga. App.* 144 (99 S. E. 891).

7. There is no merit in ground 8 of the motion for a new trial.

8. There was evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED MAY 13, 1931.

*J. E. Frankum, Sam Kimzey,* for plaintiff in error.
*Robert McMillan, solicitor-general,* contra.