### 25144. JONES *v.* THE STATE.

DECIDED NOVEMBER 8, 1935.

*Louis H. Foster, John W. Bolton,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, Quincey O. Arnold,* contra.

GUERRY, J. 1. Complaint is made of the following charge: "Moral and reasonable certainty is all that is required in legal

investigation. Mathematical certainty is not ascertainable." The alleged error is that, while it is admitted that a "moral and reasonable certainty is all that is required in legal investigation," yet to add thereto that "mathematical certainty is not ascertainable," was confusing to the jury as to their right to discharge the defendant if they entertained a "reasonable doubt" of his guilt. The judge fully and fairly charged the jury that it was their duty to discharge the defendant if they entertained a "reasonable doubt" as to his guilt. It is clear that the jury might find the defendant guilty beyond a reasonable doubt, and still that result in law or fact would not be a mathematical certainty. There was no error in this charge. See, as supporting this ruling, Code of 1933, § 38-110; *Giles* v. *State,* 6 *Ga.* 276(6); *Heard* v. *State,* 70 *Ga.* 597; *Bone* v. *State,* 102 *Ga.* 387 (30 S. E. 845); *Smith* v. *State,* 63 *Ga.* 168; *McNaughton* v. *State,* 136 *Ga.* 600 (71 S. E. 1038); *Jackson* v. *State,* 118 *Ga.* 780 (45 S. E. 604).

2. The court charged as follows: "The law, is, gentlemen, that a witness may be impeached by showing contradictory statements previously made by him as to matters relevant to his testimony and to the case. Where an attempt to impeach a witness for contradictory statements has been made, it is for you to say whether such attempt has been successful; and you may either believe the witness sought to be impeached, or the witness introduced for the purpose of impeaching him." This was not erroneous as instructing the jury that although a witness is impeached, in that they believe him unworthy of belief, that they may nevertheless give credence to his testimony. "The jury are the exclusive and sole judges of the credibility of all witnesses." *Powell* v. *State,* 101 *Ga.* 9 (29 S. E. 309, 67 Am. St. R. 277). Where the credibility of a witness is attacked in one of the ways pointed out in the Code, the jury become the sole and exclusive judges of whether the witness has or has not been impeached. The instruction here complained of merely told the jury, in effect, that a witness' credibility may be attacked by showing contradictory statements previously made by him as to matters relevant to his testimony, and that where such attack was made it was a matter for their determination as to whether he was in fact impeached, and that in so determining this they might believe the witness *sought* to be impeached, or the witness introduced for the purpose

of impeaching him. Such an instruction is sustained by the authorities. Code of 1933, § 38-1806; *Haywood* v. *State,* 114 *Ga.* 111 (39 S. E. 948); *Sims* v. *Scheussler,* 5 *Ga. App.* 850 (64 S. E. 99); *Henderson* v. *Cook,* 27 *Ga. App.* 512 (108 S. E. 904); *Arnold* v. *State,* 131 *Ga.* 494 (62 S. E. 806); *Rouse* v. *State,* 136 *Ga.* 356 (71 S. E. 667); *Simmons* v. *State,* 2 *Ga. App.* 638 (58 S. E. 1066); *Harris* v. *State,* 1 *Ga. App.* 136 (57 S. E. 937); *Sheppard* v. *State,* 167 *Ga.* 326 (145 S. E. 654); *Reed* v. *State,* 163 *Ga.* 206 (135 S. E. 748); *Dean* v. *State,* 154 *Ga.* 533 (114 S. E. 809); *Pike* v. *State,* 121 *Ga.* 604 (49 S. E. 680). The question here before the court is clearly not covered by the ruling in *Holton* v. *State,* 137 *Ga.* 86 (72 S. E. 949).

3. Where one is charged with murder, in which malice must exist either express or implied, (Code of 1933, § 26-1002), but is convicted of a lower grade of that offense, to wit, voluntary manslaughter, in which malice is not an element, (Code of 1933, § 26-1007), an erroneous charge on the question of malice is prima facie harmless to the accused and a new trial will not be granted therefor unless it is plainly shown that the erroneous charge wrongfully led to or influenced the verdict rendered. *Simpson* v. *State,* 12 *Ga. App.* 292 (77 S. E. 105); *Williams* v. *State,* 12 *Ga. App.* 337 (77 S. E. 189); *Hooks* v. *State,* 27 *Ga. App.* 587 (110 S. E. 316); *Dunwoody* v. *State,* 23 *Ga. App.* 93 (97 S. E. 561); *Johnson* v. *State,* 27 *Ga. App.* 679 (109 S. E. 526); *Griggs* v. *State,* 38 *Ga. App.* 258 (143 S. E. 608). Therefore, if the charges on the question of malice were erroneous, which we do not decide, it is not shown that they were of such nature as to require a new trial.

4. The evidence amply supported the verdict finding the defendant guilty of voluntary manslaughter. The remaining assignments of error are plainly without merit and need no special mention. There was, therefore, no abuse of discretion in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*