## RICHARDSON *v.* THE STATE.

REID, Chief Justice. 1. "In all cases of voluntary manslaughter, there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice, either express or implied." Code, § 26-1007. The "other equivalent circumstances,"

within the meaning of the Code, must be such as would produce on the part of the slayer the same state of mind as would an assault or an attempt to commit a serious personal injury. In other words, they must be such as would as much exclude all idea of deliberation or malice, and justify the excitement of passion, as would an assault or an attempt to commit a serious personal injury. Whether or not proved circumstances fall within this standard is generally a question for determination by the jury. *Murray* v. *State*, 85 *Ga.* 378 (11 S. E. 655); *Mack* v. *State*, 63 *Ga.* 693; *Battle* v. *State*; 133 *Ga.* 182 (65 S. E. 382); *Rumsey* v. *State*, 126 *Ga.* 419 (55 S. E. 167); *Ragland* v. *State*, 111 *Ga.* 211 (36 S. E. 682); *Land* v. *State*, 11 *Ga. App.* 761 (76 S. E. 78); *Mize* v. *State*, 135 *Ga.* 291 (69 S. E. 173). Where it appears from the evidence on a trial for murder that on the night of the homicide the deceased put her ten-months child down by the side of an alley, went into a vacant lot with the husband of the defendant, and lay on the ground with him behind some bushes, and that the defendant immediately thereafter came upon them and assaulted and killed the deceased, the jury, under the cited principle of law, would have been authorized to find that such circumstances were sufficient to justify the excitement of passion and to exclude all idea of deliberation or malice, either express or implied, and would have been authorized to find the defendant guilty of voluntary manslaughter.

2. Since the law as to voluntary manslaughter should be given in charge to the jury, even without request, where the evidence leaves it doubtful as to whether accused committed that offense or murder, the failure to so charge in the present case was error.

3. Since the evidence would have authorized a verdict of voluntary manslaughter, the defendant was entitled to have this issue submitted to the jury, instead of having their verdict limited to murder or to acquittal. Therefore the following charge relating only to justifiable homicide did not render harmless the failure to charge on manslaughter: "I charge you, gentlemen, as a principle of law, that where a wife catches her husband in the act of adultery with another woman, and catches her right in the act or just before the act or just after the act, that she would have the right to kill such woman whom she caught in the act of adultery with her husband. She would have the right to kill her husband, or the woman, or both, and the person killed could not resist such attack by flight only."

*Judgment reversed. All the Justices concur.*

No. 12976. December 5, 1939.

*Zach Arnold* and *E. R. King*, for plaintiff in error.

*Ellis G. Arnall*, attorney-general, *R. A. Patterson*, solicitor-general, *Hooper & Hooper, Duke Davis* and *C. E. Gregory Jr.*, assistant attorneys-general, contra.