## FELDER *v*. THE STATE.

No. 13486. FEBRUARY 13, 1941.

*W. C. Hodges,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, Ralph L. Dawson, solicitor-general, E. J. Clower* and *Victoria Wilbanks, assistant attorneys-general,* contra.

BELL, Justice. In ground 4 of the motion for a new trial the movant complained of the refusal of the judge to declare a mistrial because of a ruling restricting the argument of the defendant's counsel and of remarks made by the judge in the presence of the jury, including the statement to the defendant's attorney, "You are arguing something to the jury that is not in the case." We are of the opinion that this ground of the motion for a new trial was meritorious, and that a new trial should have been granted thereon. It appeared from the evidence that on the night of the homicide the defendant Felder went from his home to the "shanty" occupied by Norman Sapp, looking for the woman Marie Prey, and, on finding her in bed with Sapp, assaulted him with a knife and a "piece of iron," and in one or more of the ways alleged in the indictment inflicted wounds which resulted in his death. According to the evidence, the defendant and the woman Marie were not united in marriage to each other, and could not have become married by any method, in that it appeared from the testimony that each of them had a living spouse in the person of another at the time they began living together and at the time of the homicide. The defendant stated, however, "she was staying with me, living with me, my wife." The real question for determination is whether this statement, without more, was sufficient to authorize the defendant's attorney to argue the case to the jury on the theory that the woman was the common-law wife of the defendant. In the brief filed by the attorney-general it is suggested that this ground of the motion for new trial is incomplete, because it does not set forth what ground of objection was urged by the solicitor-general to such "line of argument." There is no merit in this suggestion, for the reason that the question is not what objection was made by the solicitor-general, but is whether the argument was legitimate. Compare *Morgan County Bank* v. *Poullain,* 157 *Ga.* 423 (4) (121 S. E. 813) ; *Hogg* v. *Louisville & Nashville Railroad Co.,* 33 *Ga. App.* 773 (2), 774 (127 S. E. 830) ; *Clark* v. *Prince,* 38 *Ga. App.* 412 (2) (144 S. E. 40).

Under the law of this State, the defendant in a criminal case shall have the right to make "to the court and jury such statement in the case as he may deem proper in his defense," and the jury may believe such statement "in preference to the sworn testimony." Code, § 38-415. "He is unrestricted by the rules of evidence, and may state any fact as to the condition of his own consciousness, or as to what he saw, heard or believed at the time of the homicide. *Coxwell* v. *The State,* 66 *Ga.* 309." *Vaughn* v. *State,* 88 *Ga.* 731 (2), 735 (16 S. E. 64); *Garland* v. *State,* 124 *Ga.* 832 (2), 834 (53 S. E. 314); *Birdsong* v. *State,* 55 *Ga. App.* 730 (191 S. E. 277); *Williford* v. *State,* 56 *Ga. App.* 40 (3), 44 (192 S. E. 93). In the instant case, the foregoing statement of the defendant could have been construed by the jury as a declaration that the woman Marie was his wife, and as such it could have been believed by them in preference to all of the sworn testimony. Hence it would have authorized a finding that the relation of husband and wife did exist between them. The statement may have been an absolute falsehood, but that was a matter to be determined by the jury. Since the defendant did not state how the woman became his wife, whether by formal ceremony or by common-law marriage, it was not improper for his attorney to argue the case upon the theory of marriage by either method; and therefore the court erred in stating to the attorney, "You are arguing something to the jury that is not in the case," and in restricting the argument accordingly. The question whether the woman was the wife of the defendant as claimed by him was a material issue, because if such relationship did exist, the verdict of the jury could on legal principles have been different. *Mize* v. *State,* 135 *Ga.* 291 (4) (69 S. E. 173); *Jackson* v. *State,* 135 *Ga.* 684 (2) (70 S. E. 245); *Richardson* v. *State,* 189 *Ga.* 448 (5 S. E. 2d, 891).

The defendant's motion for mistrial was timely, and while perhaps the judge might have corrected the error in limine by withdrawing the statement and giving proper instructions regarding the incident, yet where he failed to do so and unqualifiedly denied the motion, the error was such as to require a new trial.

■ The court did not err in failing to instruct the jury on the law relating to voluntary manslaughter, the issue as to this offense having been presented only by the defendant's statement and there being no request to charge. *Felder* v. *State,* 149 *Ga.* 538 (1 *a*) (101 S. E. 179); *Davis* v. *State,* 178 *Ga.* 203 (172 S. E. 559).

The charge relating to marriage and contrasting that relation with that of unlawful cohabitation was not erroneous for any reason assigned. The fact that the judge had erroneously stated to counsel that there was no question of marriage in the case did not render it erroneous for him to charge the jury later in reference to such relationship.

In view of what has been ruled in the first division, it is unnecessary to deal with the last ground of the motion for new trial, referring to the same matter. For the reason stated in division 1, the court erred in overruling the motion for new trial.

*Judgment reversed. All the Justices concur.*