### 45306. BENNETT v. THE STATE.

QUILLIAN, Judge. The defendant was indicted by the grand jury of Gwinnett County and charged with the offense of murder. Upon a plea of not guilty, the jury found the defendant guilty of voluntary manslaughter and judgment was entered sentencing her to 9 years. The defendant's amended motion for new trial was overruled. The defendant appeals from the judgment of conviction and sentence, and the overruling of her motion for new trial. *Held:*

1. The evidence was sufficient to sustain the verdict of voluntary manslaughter.

2. The defendant contends that the State withheld evidence during the trial in that the State had in its possession a shotgun and failed to introduce the same into evidence. As a result, it is urged that the defendant was denied a fair trial because all the evidence was not presented. This issue was presented as a ground in the defendant's amended motion for new trial. The record fails to show any evidence that was presented to sustain the allegations of the ground.

Whether or not the defendant was denied access to evidence which would have been beneficial to her on the trial of the case was a question of fact. *Strauss v. Stynchcombe,* 224 Ga. 859, 869 (165 SE2d 302). See *Hill v. Stynchcombe,* 225 Ga. 122, 126 (166 SE2d 729). "The prosecuting attorney is under no duty to assist the defendant's counsel in preparing his defense." *Fields v. Balkcom,* 211 Ga. 797, 800 (89 SE2d 189). The burden was on the defendant as appellant to show the deprivation of his rights and a lack of knowledge on his part as to relevant evidence. The defendant having failed to show error, the ground is without merit.

Moreover, considering the shotgun as newly discovered evidence, the defendant failed to show the requisites of a ground based on newly discovered evidence. *Huguley v. State,* 120 Ga. App. 332 (lb) (170 SE2d 450).

3. It is contended that the trial court erred in admitting into evidence a butcher knife. After testimony that the defendant took the butcher knife from a house about a mile away from the deceased's home and on the same night of, approximately 30 minutes before, the crime, the State then offered the knife in evidence. Objection was interposed on the ground that there was no connection of the knife with the offense. The objection was overruled.

The parties stipulated the admission into evidence of a death certificate, which recited the cause of the deceased's death as knife wounds. "The conduct of the accused, before, at the time of, and immediately following the killing is relevant, and any evidence showing this conduct is admissible." *Lewis v. State,* 196 Ga. 755, 759 (27 SE2d 659). See *Booth v. State,* 198 Ga. 648 (2) (32 SE2d 303). "Evidence is relevant to show that accused owned, possessed, or had access to, tools, implements, or any articles with which the particular crime was or might have been committed, and that he owned or had in his possession weapons with which the crime was or might have been committed prior to, or after, the commission of the crime." *Wilson v. State,* 215 Ga. 782 (2) (113 SE2d 447). It was not error to admit the butcher knife into evidence over the objection urged. *Garner v. State,* 6 Ga. App. 788 (4) (65 SE 842); *Green v. State,* 112 Ga. App. 329, 331 (145 SE2d 80); *Burgess v. State,* 93 Ga. 304 (4) (20 SE 331); *Powers v. State,* 172 Ga. 1 (15) (157 SE 195); *Prather v. State,* 223 Ga. 721 (3) (157 SE2d 734).

4. The following charge was assigned as error: "The court instructs you further that the law presumes every homicide to be malicious until the contrary appears from circumstances of alleviation, excuse, or justification, and when a homicide by the defendant as named and described in the indictment has been proven, it is incumbent on the defendant to make out such circumstances, unless they appear from the evidence or from the

statement of the defendant." It is contended that it placed the burden of proving her innocence on the defendant.

It is not necessary for us to determine whether a charge of this type falls within the prohibited ambit of *Parham v. State,* 120 Ga. App. 723 (171 SE2d 911). But, see *Woods v. State,* 222 Ga. 321 (14) (149 SE2d 674). For, "Where one is charged with murder, in which malice must exist either express or implied, . . . but is convicted of a lower grade of that offense, to wit, voluntary manslaughter, in which malice is not an element, . . . an erroneous charge on the question of malice is prima facie harmless to the accused and a new trial will not be granted therefor unless it is plainly shown that the erroneous charge wrongfully led to or influenced the verdict rendered." *Jones v. State,* 52 Ga. App. 83, 85 (182 SE 527). See *Dunwoody v. State,* 23 Ga. App. 93 (1) (97 SE 561); *Whitaker v. State,* 34 Ga. App. 175 (1) (128 SE 585); *Lester v. State,* 75 Ga. App. 42, 49 (42 SE2d 141); *Lash v. State,* 97 Ga. App. 622 (4) (103 SE2d 653). Thus, any erroneous portion of the charge with regard to the presumption of malice was not harmful error where the defendant, as in this case, was convicted of manslaughter.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*
ARGUED MAY 4, 1970—DECIDED OCTOBER 9, 1970.

*G. Hughel Harrison, James W. Garner,* for appellant.
*Reid Merritt, District Attorney,* for appellee.