## A93A1679. MARKS v. THE STATE.
(435 SE2d 703)

McMURRAY, Presiding Judge.

Defendant Marks appeals her conviction of the offense of volun-

tary manslaughter. *Held*:

1. The victim was defendant's husband. Defendant relied upon a justification defense, and presented evidence that she had returned home one evening to find her husband intoxicated, belligerent, and argumentative. When defendant attempted to leave with the children, the husband removed them from her vehicle and took them into the house. Defendant followed them into the house and tried to get the younger child, a 13-month-old baby, from her husband. Every time defendant approached her husband, he would squeeze the baby, causing the child to scream. Defendant testified that she was concerned that her husband would kill the baby. The victim was killed by a gun shot wound to the head.

Defendant enumerates as error the trial court's refusal to permit her to introduce evidence concerning prior specific acts of violence committed by the victim against the family dog. A long-standing rule excluding evidence of a prior violent act by a victim against a third party was abandoned in *Chandler v. State*, 261 Ga. 402, 407 (3) (405 SE2d 669), and in its place the reasoning stated in the special concurrence of Justice Weltner in *Lolley v. State*, 259 Ga. 605, 607 (385 SE2d 285) was adopted for subsequent cases. Under the new rule, evidence of specific acts of violence by a victim against third parties is admissible where the defendant claims justification and certain advance notice of defendant's intent to use such evidence is provided to the State.

Defendant made an offer of proof relating two incidents in which a neighbor observed the husband extend particularly brutal treatment to the dog, including dragging and kicking the animal, for no substantial reason. It is clear from the colloquy at trial, that the trial court's analysis focused upon questioning the relevance of the evidence since the neighbor had not related these incidents to defendant. However, as pointed out by Justice Weltner, in Divisions (3) (b) (ii) and (3) (c) of the *Lolley* special concurrence, even where the defendant has no prior knowledge of the decedent, evidence of his violent nature through specific acts of violence against third persons is relevant to establishing the credibility of the account of an incident related by a defendant. The trial court was not correct in concluding that defendant's lack of knowledge of the previous incidents precluded the introduction of the evidence at issue.

Since the defendant did present a justification defense and did provide the appropriate notice to the State, the remaining issue is whether the rule adopted in *Chandler* is applicable when the victim's prior act of violence is directed toward a family pet rather than a person. With all due deference to the many animal rights advocates who would argue that a man's behavior towards his dog is a remarkably adept indicator of his character, we decline to extend the holding

in *Chandler* beyond the circumstances of that case, that is, to the victim's prior acts of violence towards a human person.

However, even if the victim's behavior toward the dog is assumed to be illustrative of issues on trial, we find no harm in the exclusion of that evidence since it was, at most, cumulative of defendant's evidence showing the victim's violent behavior toward defendant and her children. It is highly unlikely that such evidence would have altered the verdict. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869); *Thompson v. State*, 201 Ga. App. 646, 647 (3), 648 (411 SE2d 886); *Washington v. State*, 194 Ga. App. 756, 758 (4) (391 SE2d 718).

2. A *Jackson-Denno* hearing was held to determine the admissibility of a custodial statement made by defendant. See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908). In her second enumeration of error, defendant challenges the factual conclusions reached by the trial court in determining that defendant's statement was admissible. Specifically, defendant contends that the evidence shows that she was distraught at the time the statement was made and that the written statement she signed did not accurately reflect her remarks to police because she was not afforded an opportunity to examine it before signing. "In this type of situation, where the testimonial evidence concerning the factual circumstances of a statement is in direct conflict, the trial court is the trier of fact, whose resolution of factual issues such as the credibility of witnesses shall not be overturned unless clearly erroneous. *Mathews v. State*, 183 Ga. App. 224 (358 SE2d 639) (1987)." *Jordan v. State*, 187 Ga. App. 687, 689 (1) (371 SE2d 245). As the trial court's ruling was not clearly erroneous, this enumeration of error is without merit.

3. Defendant's next enumeration of error complains of the admission into evidence of five photographs and a videotape of the victim's body. Even if somewhat repetitive, there was no error in the admission of this evidence which was relevant to the issues at trial. *Mooney v. State*, 243 Ga. 373, 394 (6) (254 SE2d 337); *Florence v. State*, 243 Ga. 738, 741 (4) (256 SE2d 467).

4. Defendant also contends that the trial court erred in permitting certain items to be sent out to the jurors for their use during deliberations. Insofar as defendant complains that the indictment should not have been sent out since it included the names of the grand jurors, we find that this contention has been previously rejected in *Byrd v. State*, 186 Ga. App. 446, 451 (5) (367 SE2d 300).

Additionally, defendant argues that a gun and photographs of the body should not have been sent out since they were unnecessarily duplicative and prejudicial. This issue has already been addressed as to the photographs in Division 3 and the same reasoning is applicable to admission of the gun. This enumeration of error is without merit.

5. Finally, defendant contends that the trial court erred in over-

ruling her objection to a jury charge on malice murder. We need not address whether the evidence authorized such a charge, since defendant was acquitted of murder and convicted of a lesser crime, voluntary manslaughter, in which malice is not an issue. Any error in the submission of the murder charge to the jury or the wording of the charge on malice murder was harmless. *White v. State*, 179 Ga. App. 276, 277 (2) (346 SE2d 91); *Bennett v. State*, 122 Ga. App. 604, 605 (4), 606 (178 SE2d 300).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED AUGUST 26, 1993 —
RECONSIDERATION DENIED SEPTEMBER 16, 1993 ▌

*Robert L. Waller III*, for appellant.
*Daniel J. Porter*, District Attorney, *Phil Wiley, Pamela D. South*, Assistant District Attorneys, for appellee.