### 2073.   GARNER v. THE STATE.

POWELL, J.  1. The defendant was indicted for murder and convicted of voluntary manslaughter. The evidence fully authorized the verdict.

2. Any person of common intelligence and familiar with the sizes of pistol

bullets is competent as a witness to testify as to the size of a particular pistol ball seen by him. The witness need not be an expert in the technical sense of the word.

3. Self-serving declarations, especially when not a part of the res gestæ, are inadmissible in behalf of the defendant.

4. It is relevant to prove that the defendant on trial, charged' with a homicide committed through the instrumentality of a pistol, was seen prior to the killing, possessed of a pistol of calibre corresponding to the size of the bullet found in the body of the dead man. Likewise, where one of the theories of the State is that the defendant on trial and another jointly indicted with him, but not on trial, were acting in concert to effect the killing, it is relevant to prove that the other person indicted was, prior to the killing, possessed' of a pistol of calibre corresponding to the size of empty cartridge shells found at the scene of the homicide immediately after the occurrence.

5. The evidence fully establishes the theory that the homicide occurred as a result of a mutual intent to fight, between the defendant, the person indicted with him, and the deceased. Hence there was no error in the judge's presenting instructions on this theory of the case for the consideration of the jury.

6. The charge of the court upon the right of brothers to defend one another was correct, and was as full as the evidence in the case and the contentions of the defendant required.

7. There was sufficient evidence to justify a charge presenting to the consideration of the jury instructions upon the theory of the case that the defendant and the person jointly indicted with him were acting in concert to effect the homicide.

8. It is not usually a proper charge that "provocation by words, threats, menaces or contemptuous gestures, shall in no case be sufficient to free the person killing from the guilt and crime of murder." This is especially true where there is a theory of the evidence on which the jury might find that the person killing acted in apparent self-defense, on account of a reasonable fear aroused in his mind by threats, menaces, etc., taken in connection with other facts in the case. *Cumming's* case, 99 *Ga.* 662 (27 S. E. 177); *Holland's* case, 3 *Ga. App.* 466 (3), 467 (60 S. E. 205), and cit. In this case, however, there is nothing in the evidence which makes the giving of this principle without qualification inapplicable or erroneous.

9. The deceased childless wife of the prosecutor was a sister of the wife of one of the jurors. The relationship was not such as to disqualify the juror. Legally speaking, there was no kinship. *O'Neal* v. *State*, 47 *Ga.* 230, 248; *Blalock* v. *Waldrup*, 84 *Ga.* 145 (10 S. E. 622, 20 Am. St. R. 350).

> "The groom and bride each comes within
> The circle of the other's kin;
> But kin and' kin are still no more
> Related than they were before."

Per Bleckley, C. J., in *Central Railroad Co.* v. *Roberts*, 91 *Ga.* 517 (18 S. E. 315).                *Judgment affirmed.*

Conviction of manslaughter, from Johnson superior court—Judge Rawlings. July 16, 1909.

Submitted October 5,—Decided October 13, 1909.

*John R. Cooper, E. L. Stephens,* for plaintiff in error.

*Alfred Herrington,* solicitor-general, *Hines & Jordan,* contra.