### 3081.  Strickland v. The State.

Hill, C. J.  1. Where one shoots at another, intending to kill him, under such circumstances that the killing, if accomplished, would be voluntary manslaughter, but the shot misses him and accidentally kills an innocent third person, the homicide will be voluntary manslaughter.  1 Bishop's New Criminal Law, § 328; 2 Bishop's New Criminal Law, § 719.

2. The only ground in the motion for a new trial which contains a special assignment of error of law is not verified by the trial judge, and therefore presents no question for this court.

3. The alleged newly discovered testimony is merely cumulative and impeaching in character, and could have been produced at the trial by the exercise of due diligence.

4. There is evidence to support the verdict.          *Judgment affirmed.*
                    Decided July 25, 1911.

Conviction of manslaughter; from Jackson superior court—Judge Brand.  September 5, 1910.

*George C. Thomas, A. C. Brown, John J. Strickland,* for plaintiff in error.

*Clifford Walker, solicitor-general,* contra.

---

### 3121.  Simmons v. The State.

Russell, J.  1. It is not error for the court to charge the jury that, "when a witness has been attacked for the purpose of impeachment, you are to determine, under certain rules of law governing such cases, whether the witness has been impeached, and what credit you will give to the witness." This instruction does not tend to intimate that an unsuccessful effort has been made to impeach, nor does it authorize the jury to exclude from their consideration the necessity for corroboration in connection with the testimony of the witness sought to be impeached.

2. The effort to impeach does not always result in impeachment. A witness whom it is sought to impeach may be believed by the jury; and the credibility of testimony is so peculiarly a jury question that this court can not set aside a verdict merely because it rests upon the testimony of such a witness.

3. No material error of law appears.          *Judgment affirmed.*
                    Decided July 25, 1911.

Accusation of sale of liquor; from city court of Sandersville — Judge Jordan.  November 18, 1911.

*W. M. Goodwin,* for plaintiff in error.

*J. E. Hyman, solicitor,* contra.