### 7391. GRIFFIN v. THE STATE.

BROYLES, J. 1. Under the facts of the case the admission of the testimony complained of in the 1st and 2d grounds of the amendment to the motion for a new trial was not error. The evidence excepted to in the second ground of the motion was admissible as tending to explain the conduct and the state of mind of the defendant and the other parties involved, which led up to the fatal affray. Neither was this evidence inadmissible merely because it tended to show that the defendant was guilty of another and separate crime than the one for which he was being tried. *Frank* v. *State,* 141 *Ga.* 243 (80 S. E. 1016).

2. Each party to a cause has the right to make a thorough and sifting cross-examination of any witness called against him (Civil Code, § 5871; Penal Code, § 1044), and great latitude should be allowed by the court where the purpose of the interrogation is to impeach or discredit the witness by showing his bias and interest in the case. *Floyd* v. *Wallace,* 31 *Ga.* 688; *Mitchell* v. *State,* 71 *Ga.* 128 (6); *Atlanta &c. Railway* v. *McManus,* 1 *Ga. App.* 302 (3, 4), 305 (58 S. E. 258).

3. The discretion of the court in controlling the conduct of counsel towards an opposing witness will not be interfered with unless some gross outrage to the party, and resulting damage to his cause, clearly appear. *Enright* v. *City of Atlanta,* 78 *Ga.* 288.

4. Under the foregoing rulings and under the facts in this case, it was not error for the court to overrule the objections of the defendant to the question put on cross-examination by the solicitor-general to a brother of the accused, who was a witness for the defense, as complained of in the third ground of the amendment to the motion for a new trial.

5. While in a murder case the court should not give the law of voluntary manslaughter in charge to the jury if there be *no* evidence, nor anything in the defendant's statement at the trial, to authorize a consideration of that grade of homicide, yet if there be *any evidence to create a doubt, however slight,* as to whether the offense is murder or voluntary manslaughter, instructions as to the law of both of these offenses should be given. *Jackson* v. *State,* 76 *Ga.* 473, 478; *Wayne* v. *State,* 56 *Ga.* 113.

(*a*) If there is anything deducible from the evidence, or from the defendant's statement at the trial, that would *tend to show* manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter. *Cain* v. *State,* 7 *Ga. App.* 24, 26 (65 S. E. 1069), and cases therein cited. Under the facts in

this case, it was not error for the court to instruct the jury upon the law of voluntary manslaughter, nor to charge upon a mutual intent to fight by the defendant and Henry Inman.

6. The motion for a new trial complains of the following charge: "The verdict should be voluntary manslaughter if the surrounding circumstances were such as to excite the fears of a reasonable courageous man that some serious bodily harm less than a felony was intended or might accrue upon the defendant, if you should find the defendant did do the killing. If the circumstances were not such as to excite the fears of a reasonable courageous man that he was in danger at all, then, gentlemen, the defendant would be guilty of murder." The main objection urged as to this portion of the charge is that the judge used the expression "a reasonable courageous man," when the language of the code is merely a "reasonable man," and that by so doing he put a greater burden upon the defendant than was contemplated or authorized by the law. This court, in *Cochran* v. *State*, 9 *Ga. App.* 824 (72 S. E. 281), held that the expression, "fears of a reasonable man," as used in the Penal Code (1910), § 71, is identical in meaning with the expression "fears of a reasonably courageous man," and that it was not error for the court, in charging in a murder case, as to the defense of justification through reasonable fears, to use the latter expression instead of the first. Under that ruling, the court did not materially err in this case. While a grammarian or a rhetorician would see a marked distinction in meaning between the expression "a reasonable courageous man," and the expression "a reasonably courageous man," a jury, from merely hearing them fall from the lips of the court, and not seeing them in writing, would hardly perceive any substantial difference between them. If the court had said, "a reasonable *and* courageous man," the holding might be otherwise.

7. Under the evidence introduced, and the inferences legally deducible therefrom, the charges complained of in the 6th and 7th grounds of the amendment to the motion for a new trial were not error.

8. The following charge is excepted to: "I charge you that if you find the contentions of the State are true, that the defendant W. J. Griffin shot and killed the deceased, Charley Inman, and killed him intentionally, without justification or excuse, then and in that event the defendant would be guilty of murder and you should so find." This charge was objected to on the ground that there was no contention that the defendant intentionally shot and killed the deceased, Charley Inman. There was evidence in the case which authorized a finding that the defendant shot at Henry Inman, with the intention of killing him, without justification or excuse, and that, while so shooting at Henry Inman, he accidentally shot and killed the deceased, Charley Inman, who was a bystander and not engaged in the difficulty. Under these circumstances the jury would have been authorized to find that the killing, though accidental, was murder; and hence the error of the court in stating the contentions of the State as to this matter was immaterial.

9. The verdict was supported by the evidence, and the court did not err in overruling the motion for a new trial.    *Judgment affirmed.*

HODGES, J., dissenting. I can not concur in the majority opinion as set forth in the first paragraph of the decision, as I do not think the evidence admissible, the accused not having put his character in issue.

DECIDED JULY 19, 1916. REHEARING DENIED JULY 31, 1916.

Indictment for murder—conviction of manslaughter; from Ware superior court—Judge Summerall. March 11, 1916.

*H. M. Wilson, Parker & Walker, Wilson & Bennett,* for plaintiff in error.

*M. D. Dickerson, solicitor-general, A. B. Spence,* contra.