## BRADFORD *v.* THE STATE.

1. An exception that the court, on a trial for murder, did not charge the jury on the law of involuntary manslaughter, not specifying what grade of that offense should have been submitted, is not sustainable.
2. An exception to admission of evidence over objection, not stating what objection was presented and ruled on, is insufficient.
3. The verdict was supported by evidence.

No. 2290. MARCH 16, 1921.

Indictment for murder. Before Judge Walker. Wilkes superior court. October 7, 1920.

The homicide on which the accused was convicted of murder was done by shooting his wife in the head with a pistol. The assignments of error referred to in the decision as being without merit were, in brief: (1) That the instruction to the jury on the subject of reasonable doubt of guilt (which was not excepted to as an erroneous or incorrect statement of the law) tended to exclude from the minds of the jury the contention of the accused that the homicide was accidentally committed through misfortune and misadventure; and that the court in charging the jury did not refer to this contention, but simply charged on accidental homicide (Penal Code, § 40), " without charging the contention of the defendant in his statement." (2) That it was error to read in charge the second sentence of section 1012 of the Penal Code, which does not refer to criminal cases.

*Colley & Colley, I. T. Irvin Jr., John R. Cooper,* and *W. O. Cooper Jr.,* for plaintiff in error.

*R. A. Denny,* attorney-general, *R. C. Norman,* solicitor-general, and *Graham Wright,* contra.

HILL, J. Will Bradford was indicted and tried for the crime of murder. The jury returned a verdict of guilty, with recommendation that he be sent to the penitentiary for life. The defendant made a motion for new trial, which was overruled, and he excepted.

1. Error is assigned because the court did not charge the law of involuntary manslaughter. No grade of involuntary manslaughter is specified; and the assignment of error is therefore not a good one. *Troup* v. *State,* 150 *Ga.* 633 (104 S. E. 421).

2. Error is assigned on the admission of certain evidence over the objection of the defendant's counsel. It does not appear from the assignment what objection was raised at the time of the admission of the evidence, and for that reason the assignment is insufficient.

3. The other assignments are without merit. There was evidence to support the verdict.

*Judgment affirmed. All the Justices concur, except George, J., absent.*