## BRADFORD *v.* THE STATE.

The motion for new trial in this case was based upon newly discovered evidence, which consisted of a single affidavit by a named witness, which tended to show that the accused was not guilty of the offense of murder, but that the wound which caused the death of the deceased was inflicted by the accidental discharge of a pistol in a struggle between the accused and the deceased after the deceased had attempted to shoot the accused. This affidavit was not accompanied by evidence or affidavits tending to show the residence, associates, means of knowledge, character and credibility of the affiant. Consequently this court will not interfere with the judgment of the lower court refusing a new trial.

No. 3090. JUNE 16, 1922.

Indictment for murder. Before Judge Shurley. Wilkes superior court. February 4, 1922.

*F. H. Colley, C. D. Colley, John R. Cooper, W. O. Cooper Jr.,* and *I. T. Irvin Jr.,* for plaintiff in error.

*George M. Napier, attorney-general, M. L. Felts, solicitor-general,* and *Seward M. Smith, assistant attorney-general,* contra.

BECK, P. J. Will Bradford, the plaintiff in error, was tried under an indictment for murder, in Wilkes superior court, at the August term, 1920. The jury returned a verdict of guilty, and the accused was sentenced to confinement in the penitentiary for life. A motion for new trial was overruled at the hearing. The judgment refusing a new trial was reviewed by the Supreme Court, and

the judgment of the trial court was affirmed. *Bradford* v. *State*, 151 *Ga.* 334 (106 S. E. 718). Subsequently the defendant filed an extraordinary motion for new trial, which was denied, and a writ of error was sued out to the Supreme Court. The case was dismissed in the Supreme Court, on the ground that the motion was not filed in term time, as required by law. *Bradford* v. *State*, 152 *Ga.* 405 (108 S. E. 780). During the November term, 1921, and in term time, the defendant filed an extraordinary motion for new trial, which was then heard and overruled. To this judgment refusing a new trial the defendant excepted.

The last extraordinary motion for new trial, made in term time, was based upon newly discovered evidence. That newly discovered evidence consists of a single affidavit made by one Eva Evans, who deposed that she was near the scene where the deceased was shot and killed; that on that evening she went to the house of the accused for the purpose of obtaining a pistol; the accused was absent, but his wife, the deceased, got the pistol, saying, however, that she could not give it to the affiant unless instructed by Will Bradford. The affiant and the deceased (the latter having the pistol in her possession) left the house, the deceased remarking that she intended to meet Will Bradford. They came to the scene of the shooting, and saw Will Bradford and one Rosa Harmon together. Sallie Bradford, the wife of the accused, endeavored to fire, but Will Bradford caught hold of her, and there was a struggle, during which deponent ran off, and when a short distance away she heard the discharge of the pistol. The night was dark, but she could see the parties, though she was invisible to them. She was much frightened, and she heard afterwards that Sallie had shot Rosa Harmon, and had been arrested and was in jail. She said nothing about these facts, and " Sallie Bradford was unwilling for me to mention them;" and for this reason Will Bradford knew nothing of the existence of these facts. The accused made an affidavit deposing that he did not know of this evidence until after the verdict. Counsel for the accused also made an affidavit to the same effect, and that they could not have ascertained the existence of this evidence before the trial in the exercise of due diligence. But there were no affidavits by other parties, showing the residence, associates, means of knowledge, character and credibility of the affiant, Eva Evans. Manifestly there was no

error on the part of the judge hearing this motion in refusing a new trial. Civil Code, § 6086; *Loyd* v. *State,* 151 *Ga.* 717 (108 S. E. 55). 　　　　*Judgment affirmed. All the Justices concur.*