### McLENDON *v.* THE STATE.

ATKINSON, J. 1. The request to charge, as embodied in the first special ground of the motion for new trial, the refusal of which is assigned as error, contains the words, "one of those instances standing upon the same footing of reason and justice *as those enumerated in section seventy-five (75) of the Penal Code,*" and does not mention sections 71, 72, and 73 of the Penal Code. Section 75 does not *enumerate any instances.* This misrecital of the substance of section 75 and the omission to refer to sections 71, 72, and 73 causes the request to differ materially from that involved in *Cloud* v. *State,* 81 *Ga.* 444 (7 S. E. 641). An instruction in the language of the request now involved would be confusing to the jury; and even if it would have been authorized by the evidence (as to which no decision is made), the judge did not err in refusing it.

2. The omission, without request, to charge on a theory of the case which is not authorized by the evidence, but finds support only in the prisoner's statement not under oath before the jury, is not erroneous.

3. "In all cases of voluntary manslaughter, there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice, either express or implied." Penal Code, § 65. In such cases either an assault "or other equivalent circumstances" may be sufficient to exclude the idea of a deliberate and wanton intention to take the life of the person killed. *Jenkins* v. *State,* 123 *Ga.* 523-6 (51 S. E. 598).

4. If a person shoots at another under circumstances that if death had ensued the offense would be reduced from murder to voluntary manslaughter, and by accident the shot hits and kills another person standing by, for whom the shot was not intended, the offense would be voluntary manslaughter. *Strickland* v. *State,* 9 *Ga. App.* 552 (71 S. E. 919) :

268

*Hart* v. *State*, 135 *Ga.* 356 (69 S. E. 530); *Butler* v. *State*, 92 *Ga.* 601 (4) (19 S. E. 51); *Charlon* v. *State*, 106 *Ga.* 400 (32 S. E. 347).

5. The evidence in this case, independently of the statements of the defendants delivered before the jury not under oath, was sufficient to require a charge of the law of voluntary manslaughter as set forth in the Penal Code, § 65, and it was erroneous to omit to charge that law, even without any request.     *Judgment reversed.   All the Justices concur.*

RUSSELL, C. J., concurs in the judgment.

No. 7861.   FEBRUARY 18, 1931.

*R. I. Stephens* and *W. W. Larsen Jr.,* for plaintiff in error.
  *George M. Napier, attorney-general, Fred Kea, solicitor-general,*
and *T. R. Gress, assistant attorney-general,* contra.