22886. MILLER *v.* THE STATE.

DECIDED APRIL 5, 1933.

686

*Sydney H. Baynes,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

GUERRY, J.   The defendant was convicted of voluntary man-slaughter, and assigns error on the overruling of his motion for a new trial.   The only special ground of the motion is that the court erred in charging on voluntary manslaughter, in that the only issues presented by the evidence were murder and justifiable homicide.

The evidence disclosed that the defendant (a negro) was walking on a street with a negro girl when the deceased and two other negroes approached them; that one of these negroes threw the defendant down upon the sidewalk and knocked a hole in his head; that the deceased attempted to take defendant's girl from him, and threw a brick at her, whereupon she went with the deceased; that the defendant, going alone, and the deceased, his two male companions and the girl going together, were then separated; that soon afterward they met again, and the defendant fatally stabbed the deceased.   According to the defendant's statement, on the second meeting he had started home, and as he passed an alley the deceased and his two companions darted out at the defendant, and the defendant "let in to fighting, and that's the way it was."   Defendant did not state on the trial that the deceased or his companions had any deadly weapons or any weapon at all.   There was other and conflicting evidence, including a statement of the defendant made before the trial, but the foregoing is sufficient for the purposes of this decision.

As to whether or not the first encounter, the throwing of the brick at the defendant's girl, and the taking of her by the deceased was a sufficient "circumstance" to create in the defendant that "sudden heat of passion" applicable to manslaughter, was a question for the jury; and whether or not "cooling time" had elapsed between such acts and the final stabbing was also a question for the jury.   It was also a question of fact, relative to the second and final encounter, whether the attack alleged to have been made upon the defendant by the deceased and his associates authorized a reasonable fear by the defendant that his life was in danger, or authorized a fear that a mere assault was about to be made upon him; since, in his statement on the trial, he described no blow and referred to no weapon.   While there was some evidence to authorize a verdict of

murder, and some to authorize a verdict of justifiable homicide, there was some evidence to authorize a verdict of voluntary manslaughter, and "If there is anything deducible from the evidence, or from the defendant's statement at the trial, that would *tend to show* manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter." *Griffin* v. *State,* 18 *Ga. App.* 462 (5-a) (89 S. E. 537). "When the defense to an indictment for murder was that the accused did the killing under the fears of a reasonable man that a felony was about to be committed upon him, and his own statement at the trial left it open to question whether the alleged assault upon him therein set up as the ground of that fear was, as the same appeared to him at the time of the homicide, felonious or of a less serious nature, and when, in view of the evidence and the statement, the jury, would have been warranted in finding that the accused did not really entertain any such fear, but that there was a minor assault upon him sufficient to justify the excitement of passion, it was not erroneous to charge upon the law of voluntary manslaughter." *Chestnut* v. *State,* 112 *Ga.* 366 (4), 371 (37 S. E. 384).

The evidence authorized the verdict, no error of law is shown, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*