## 23241.   THOMAS *v.* THE STATE.

DECIDED JULY 21, 1933.

238

*Louis A. Burton, James R. Venable,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

GUERRY, J. (After stating the foregoing facts.) Only the

third headnote requires discussion. In *Cain* v. *State,* 39 *Ga. App.* 128 (146 S. E. 340), it was said: "In a homicide case where from the evidence some doubt, however slight, might arise as to the intention to kill, the court should give in charge the law of involuntary manslaughter." In *Jackson* v. *State,* 43 *Ga. App.* 468 (159 S. E. 293), it was held: "Where there is evidence sufficient to raise a doubt, however slight, upon the question whether the homicide was murder or manslaughter, voluntary or involuntary, it is the duty of the court to charge on all these grades of homicide." The same principle was stated in *Taylor* v. *State,* 108 *Ga.* 384 (34 S. E. 2); *Wayne* v. *State,* 56 *Ga.* 113; *Jackson* v. *State,* 76 *Ga.* 473; *Boyd* v. *State,* 136 *Ga.* 340 (71 S. E. 416.) In *Miller* v. *State,* 46 *Ga. App.* 685 (168 S. E. 917), it was said, quoting from the opinion in *Griffin* v. *State,* 18 *Ga. App.* 462 (89 S. E. 537): "If there is anything deducible from the evidence, or from the defendant's statement at the trial, that would tend to show manslaughter, it is the duty of the court to instruct the jury fully on the law of manslaughter." The point is made that the court erred in failing and refusing to charge the law of involuntary manslaughter. We think this exception is well taken. If the jury should have believed that the fatal wound was caused by broken glass unlawfully thrown on the bed by the defendant, and in the ensuing struggle, when deceased was dragged from bed, she was fatally cut thereby, the principle of involuntary manslaughter was involved. If the defendant in the commission of an unlawful act hastily seized and threw a lighted lamp at the deceased in bed, the law of involuntary manslaughter was involved, in the consideration of the nature of the weapon, in the event the jury found that the death was caused by cutting with the broken parts of the lamp. See, in this connection, *Carter* v. *State,* 171 *Ga.* 406 (155 S. E. 670), and cit. If the jury found that defendant cut the deceased with a knife or with a part of the broken lamp, intending so to do, the verdict rendered was proper, but they should have been instructed on the law of involuntary manslaughter in the commission of an unlawful act, which may have been involved under the evidence produced by the State, though it was not brought in by the defendant's statement. See dissenting opinion in *Adams* v. *State,* 175 *Ga.* 98 (165 S. E. 125). From the foregoing reasons we think the court erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*