## 31486. METTS *v.* THE STATE.

DECIDED JANUARY 23, 1947.

*Lester F. Watson,* for plaintiff in error.

*W. W. Larsen, Solicitor-General, E. L. Stephens,* contra.

GARDNER, J. ■ As to the general grounds, the evidence amply sustains the verdict of voluntary manslaughter.

■ Special ground 1 ■ complains that the defendant is entitled to a reversal because the court failed to charge the law of involuntary manslaughter and that the jury would have found him guilty of involuntary manslaughter had the court submitted to the jury the law of involuntary manslaughter. The court submitted the law of murder, voluntary manslaughter and justifiable homicide. In our opinion these were the only grades of homicide authorized under the evidence and the court did not err in failing to charge the law of involuntary manslaughter in either of its phases.

■ Special ground 2: Error is assigned in this ground on a recharge of the court. After the jury had deliberated for some time

they returned to the trial room and the foreman stated to the court that the jury wished the court to define involuntary manslaughter. The court responded that they should try the case on the law which the court had already given them in charge, that the law of involuntary manslaughter was not involved in the case. The foreman then stated that the court had not charged them on involuntary manslaughter. The court said "No." The foreman then inquired of the court the penalty for voluntary manslaughter. The court stated: "From one to twenty years. It is discretionary with the jury. Should you find him guilty of voluntary manslaughter, you punish him according to what you think he deserves. I will approve on up to 20 years. The law requires that you find a minimum and a maximum sentence. The grades of homicide involved in this case are murder, voluntary manslaughter, and justifiable homicide. Those are the three things for you to consider." The errors assigned on this ground are (1) that the court in the recharge took away from the jury the right of finding the defendant guilty of involuntary manslaughter and that the evidence required the court to charge it; (2) that the expression that he would approve up to 20 years was calculated to lead the jury to believe that the court was expressing itself that he would approve a verdict of guilty with the extreme punishment for voluntary manslaughter. When we view the whole charge in connection with the recharge, we think a proper construction of it is that the court was but reiterating the maximum punishment for voluntary manslaughter which had been explained in the original charge and which was reiterated in the recharge. It will be noted that in the recharge that the court stated that the punishment was from one to twenty years, that the number of years was discretionary with the jury, and that the law required them to find a minimum and a maximum sentence. The jury did not construe the recharge as the plaintiff contends, for they returned a verdict for a minimum of four years and a maximum of only six years. We have decided the special grounds on their merits, and have not considered them from the viewpoint that it is insufficient in a motion for a new trial to allege only that the court failed to charge involuntary manslaughter without specifying which grade. *Knight* v. *State,* 148 *Ga.* 40 (3) (95 S. E. 679); *Troup* v. *State,* 150 *Ga.* 633 (104 S. E. 421); *Bradford* v. *State,* 151 *Ga.* 334 (106 S. E. 718).

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*