31423.   WAGER *v.* THE STATE.

DECIDED JANUARY 30, 1947.

*John H. Hudson, J. W. LeCraw,* for plaintiff in error.

*E. E. Andrews, Solicitor-General, Durwood T. Pye, James W. Dorsey, Paul Webb,* contra.

BROYLES, C. J.   The defendant was tried on an indictment which charged that he had murdered Paul J. Dobbs by unlawfully and maliciously "stomping, beating, and kicking the said Dobbs with his feet."

He was convicted of voluntary manslaughter; his motion for a new trial was denied, and to that judgment he excepted.   The evidence disclosed that the defendant and Dobbs worked at the same "used-car" lot, and resided together in a house owned by Dobbs; that both of them frequently drank whisky and became intoxicated; and that, when drunk, they often quarreled and fought one another; that on the day of the homicide they had five visitors at their house, and both Dobbs and the defendant were drinking whisky; after their stock of liquor was exhausted, Dobbs asked the defendant to get some more whisky, and the defendant said he didn't want to get any more, and soon afterwards Dobbs and the defendant began quarreling and cursing each other, and scuffling and fighting, and the defendant got Dobbs down on the floor and was kicking him in his "sides" until somebody pulled him away, and Dobbs died about 30 minutes later.

In his statement to the jury, the defendant said that Dobbs assaulted him first, that they clinched and fell on the floor, and that Dobbs kicked him in his groin, that he did not kick Dobbs, but hit him with his fist in his stomach and on his jaw; that he and Dobbs were good friends and he had no intention to kill or injure Dobbs; that during the fight he was wearing his house slippers, and not his shoes.   There was evidence tending to support his statement about his slippers, and there was no direct evidence showing that he had on his shoes when he kicked Dobbs, although there was some circumstantial evidence tending to show that he had on his shoes; and the jury were authorized to find that the defendant had his shoes on when he kicked Dobbs, and that the kicking was unlawful and caused the death of Dobbs.   There was also evidence tending to show that the defendant, in a sudden heat of passion, had intentionally, but without malice, killed Dobbs.   Therefore the overruling of the general grounds of the motion for a new trial was not error.

Special ground 1 alleges that the court erred in failing to instruct the jury upon the law of involuntary manslaughter in the commission of an unlawful act. "Where there is evidence sufficient to raise a doubt, however slight, upon the question whether the homicide was murder or manslaughter, voluntary or involuntary, it is the duty of the court to charge on all these grades of homicide." *Jackson* v. *State,* 43 *Ga. App.* 468 (159 S. E. 293). In *Griffin* v. *State,* 18 *Ga. App.* 462 (89 S. E. 537), it was said: "If there is anything deducible from the evidence, or from the defendant's statement at the trial, that would *tend to show* manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter." To the same effect are the following cases: *Miller* v. *State,* 46 *Ga. App.* 685 (168 S. E. 917); *Cain* v. *State,* 39 *Ga. App.* 128 (146 S. E. 340); *Thomas* v. *State,* 47 *Ga. App.* 237 (3) (170 S. E. 303); *Jackson* v. *State,* 76 *Ga.* 473; *Joiner* v. *State,* 129 *Ga.* 295 (1) (58 S. E. 859).

Applying the above-cited rulings to the facts of the instant case, we hold that the court erred in failing to instruct the jury, even without a request to do so, upon the law of involuntary manslaughter in the commission of an unlawful act.

The remaining special grounds show no cause for a reversal of the judgment.

The denial of a new trial was error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*