## MAYS v. THE STATE.

HAWKINS, Justice. This is a companion case to *Cade* v. *State*, ante, p. 135, and *Wynn* v. *State*, ante, p. 141. The defendant having been convicted of murder, without recommendation, duly filed his motion for a new trial, which was overruled by the trial court. The only assignment of error presented by the record complains of the judgment of the trial court overruling the defendant's motion for a new trial, which was based solely on the usual general grounds. The record discloses that this defendant and four other named persons formed and carried out a conspiracy to rob J. K. Joe, a Chinese merchant, about fifty years of age, whose body was found in his place of business in the room where his safe was located; that he had been slashed and cut with a butcher knife several times across the face and was stabbed in the neck, the latter wound being the immediate cause of death; that his nose was broken, and other wounds were found upon his body. The defendant, in his written and sworn statement, which was introduced in evidence without objection, and in his statement to the jury, related how he and the other men planned to rob the deceased; how they entered his place of business and the living quarters in the rear thereof; how they grabbed the deceased, strapped his legs, and gagged him, how they cursed, kicked, and tortured him; how he and certain other of the participants took the money from the person and the safe of the deceased; where they went and how they divided the money; how he burned the overalls he was wearing; of his flight to New York, where he was apprehended and brought back to Georgia by officers; what he did with a portion of the money; but he denied that he individually inflicted the wound which the physician testified was the immediate cause of death, and contended that this particular wound was inflicted in his presence by one of the other named participants. These statements of the defendant were corroborated in many details by other evidence. *Held*:

There was ample evidence to support the verdict, and, the verdict having the approval of the trial judge, the judgment overruling the motion for a new trial based only on the usual general grounds will not be dis-

turbed. *Gore* v. *State*, 162 *Ga.* 267 (134 S. E. 36); *Adkins* v. *State*, 198 *Ga.* 720 (32 S. E. 2d, 768); *Patterson* v. *State*, 199 *Ga.* 773 (35 S. E. 2d, 504).

Judgment affirmed. All the Justices concur.

No. 17154. JULY 11, 1950.

*Forrest W. Silvey, Frank E. Courtney,* and *Leonard M. Tuggle,* for plaintiff in error.

*Eugene Cook, Attorney-General, George Hains, Solicitor-General,* and *Robert E. Andrews,* contra.