## LYNCH *v.* THE STATE.

HAWKINS, Justice. 1. George Kersey, Thomas Lynch, and Atticus Brown were jointly indicted in Chatham Superior Court for the murder of Edward Crosby by shooting him with a shotgun. On his separate trial, Thomas Lynch was convicted without a recommendation of mercy, and sentenced to electrocution. His motion for a new trial, based on the usual general grounds and eight special grounds, was overruled, and to this judgment he excepts. The evidence in behalf of the State, together with the defendant's statement, discloses; that the defendant and the other persons named in the indictment had been drinking heavily on the occasion in question, and had very little money; that they had entered into an agreement to rob someone in order to secure additional money; that they drove out on the Ogeechee Road in Chatham County and parked beside the road until they saw the truck being driven by the deceased approaching, whereupon Kersey drove their car alongside the truck, ordered the driver to stop, to get out and come to the rear of the truck; that when the driver, Edward Crosby, approached the rear of the truck, the defendant Lynch got out of the car with the shotgun in his hands to assist in the robbery of Crosby, and according to the defendant's statement to the jury on the trial: "I got out the car with the gun; Kersey and this boy came back towards the automobile parked behind the truck, and in some way or other, I don't know whether I did it or not, the hammer was back on the gun, and I was trying to get the hammer down off the gun; as well as I remember, I was trying to get the hammer down and it wouldn't go down, and in a few minutes the gun went off; it wasn't pointed at anyone especially; I didn't have a guard or nothing on it; Kersey said, 'Let's go, Red, you done shot somebody'; we turned around and Kersey had got in the car to drive off." The undisputed evidence discloses that Edward Crosby died from the shotgun wound thus inflicted. *Held*:

1. "Where the evidence shows, and it is admitted in the defendant's statement, that the homicide occurred by the discharge of a gun held by the

accused and used in an attempt to rob the deceased, even if the discharge of the gun was unintentional, the offense is murder; and in no view of such facts does it involve homicide by accident or involuntary manslaughter." *Ford* v. *State,* 202 *Ga.* 599 (3) (44 S. E. 2d, 263). See also *Solesbee* v. *State,* 204 *Ga.* 16 (3) (48 S. E. 2d, 834), and cases there cited.

2. Applying the principle announced in the preceding headnote to the facts of this case, neither homicide by accident nor involuntary manslaughter in the commission of an unlawful act was involved, and the trial court did not err in refusing to give in charge to the jury the principles of law contained in the written requests to charge relative to homicide by accident and involuntary manslaughter, as complained of in grounds 1 through 8 of the amended motion for a new trial.

3. There was ample evidence to authorize the verdict, which has the approval of the trial judge, and the judgment refusing a new trial on the general grounds will not be disturbed. *Mays* v. *State,* 207 *Ga.* 143 (60 S. E. 2d, 769).

*Judgment affirmed. All the Justices concur.*

No. 17226. OCTOBER 10, 1950.

*Edward J. Goodwin,* for plaintiff in error.

*Eugene Cook, Attorney-General, Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel, Herman W. Coolidge,* and *Robert E. Andrews,* contra.