33516. JAMES *v.* THE STATE.

Decided April 19, 1951. Rehearing denied May 16, 1951.

*W. Owen Slate, Charles W. Bergman,* for plaintiff in error.

*Paul Webb, Solicitor-General, R. A. Blackwood, Charlie O. Murphy,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Grounds 1, 2, 6, 7, 8 and 9 of the amended motion for a new trial are considered together. Grounds 1, 2 and 7 complain that the trial court erred in failing to charge on the subject of involuntary manslaughter; ground 6 complains that the court did charge on mutual combat; the 8th ground complains that he failed to charge the law as to accident, misfortune and misadventure, and the 9th that he erroneously charged the law as to voluntary manslaughter.

The court fully charged the law as to murder, voluntary manslaughter, mutual combat and justifiable homicide, and we believe that these charges covered all the issues presented by the evidence in the case. Under the State's theory, as shown by the testimony of Mose Long, the defendant and Claudia Mae Long exchanged shots in the hall; Claudia Mae re-entered her room where Long was and Louise came up the hall and fired at her through the screen door; Claudia Mae fell, fatally wounded, and Louise continued to fire at her until five shots had been fired in all. This version of the encounter demanded a charge on murder. However, the defendant's theory of the case, as evinced by her statement and the testimony of her father, Terrell Britton, was that after an altercation between the parties Mose Long had fired down the hall, hitting and killing the defendant's sister, Alice Holmes; that the defendant, in an effort to protect herself and her sister, whom she did not at that moment know had been fatally wounded, ran to get her pistol; that when she came back she noticed that her father also was bleeding, apparently from a bullet wound; and that she then ran up the hall with the intention of stopping Mose Long and fired at him but accidentally hit and killed his wife instead. The court charged justifiable homicide on this contention, and of course no error is assigned on that charge. The evidence further showed a course of violently increasing quarrels between the participants; that the defendant and the Long woman had

previously been arrested because of a fight a day or so before; that the quarrel on the morning in question arose as the result of words exchanged between the parties over the trivial occurrence of a salesman being turned away from the door; that a sudden and violent argument immediately preceded the shots. Where there is some evidence which would authorize a verdict of voluntary manslaughter the charge is proper. *Angry* v. *State*, 17 *Ga. App.* 161(1) (86 S. E. 403); *Sumner* v. *State*, 109 *Ga.* 142 (1) (34 S. E. 293); *Pierce* v. *State*, 132 *Ga.* 27(1) (63 S. E. 792). The jury would have been authorized to have found, construing the evidence as a whole, that there was no premeditation or malice involved in the killing, but that the defendant, believing that Claudia Mae Long had wounded her sister was seized by a sudden heat of passion and, considering nothing else, grabbed up the weapon and fired at her. Indeed, the firing of the series of shots by the defendant might well bear out this theory. Accordingly, the charge on voluntary manslaughter complained of in the ninth ground was without error.

The same evidence might have authorized the jury to have found that the series of quarrels led to mutual combat between the two families which culminated in this shooting affray. Where the evidence establishes the theory that the homicide occurred as a result of a mutual intent to fight between the parties involved in the combat, including the deceased and the defendant, there is no error in presenting this theory of the case for the consideration of the jury. *Garner* v. *State*, 6 *Ga. App.* 789 (5) (65 S. E. 842). The sixth ground is therefore without merit.

Where there is anything deducible from the evidence or the defendant's statement which would tend to show that the offense of involuntary manslaughter was committed, it is the duty of the court to charge on this subject. *Wager* v. *State*, 74 *Ga. App.* 729 (41 S. E. 2d, 342); *Ridley* v. *State*, 81 *Ga. App.* 737 (4) (60 S. E. 2d, 249); *Greenway* v. *State*, 59 *Ga. App.* 461 (1 S. E. 2d, 417); *Bell* v. *State*, 71 *Ga. App.* 430 (6) (31 S. E. 2d, 109). If, however, involuntary manslaughter would not be authorized under the evidence it is not error to omit to give this principle of law in charge. *Metts* v. *State*, 74 *Ga. App.* 708 (41 S. E. 2d, 328); *Barbee* v. *State*, 175 *Ga.* 307, 310 (165 S. E. 232); *Welch* v. *State*, 176 *Ga.* 410 (168 S. E. 256); *Smallwood* v. *State*,

45 *Ga. App.* 587 (165 S. E. 476). Involuntary manslaughter is the unintentional killing of a human being. It may result from the doing of an unlawful act or a lawful act in an unlawful manner. If such killing happens in the commission of an unlawful act which in its consequences naturally tends to destroy the life of a human being it is deemed to be murder. Code, § 26-1009. The killing in this case was the result of the use of a pistol, a weapon likely to produce death when used in the manner in which it was used, and the act of aiming and firing the pistol was an unlawful act, unless the homicide was justifiable. The question of whether or not the shooting was justifiable was submitted to the jury by the trial court in his charge. The evidence, however, did not authorize a charge on involuntary manslaughter under any theory, since it fails to show that the defendant aimed and fired the pistol unintentionally, or even that she did so without any intention to kill. She contends that she intended to shoot and hit Mose Long and hit his wife instead; she stated that "he had her lying over him like and her legs kind of spraddled so, I started shooting at him. I realized that she was shot because she was weak in the knees." Terrell Britton's version was as follows: "The reason that Baby shot his wife instead of Mose was that she had hold of him around the neck." At least one of these shots was fired after the defendant entered the room from the hall, and she therefore could not have been more than a few feet from them, and knew at the time she fired at him that his wife was in front of him and blocking the path of the bullet. The defendant's contention that the killing was involuntary because it was her intention to shoot Mose Long and not his wife is untenable. "The killing of an innocent bystander while making a murderous assault on another is murder. The thing done follows the nature of the· thing intended to be done and the guilt or innocence of the slayer depends upon the same considerations which would have governed had the shot killed the person against whom it was directed." *Montgomery* v. *State,* 78 *Ga. App.* 258 (50 S. E. 2d, 777). Where one, without justification or other circumstances of mitigation, shoots and, instead of hitting the man at whom he shoots, hits and kills another, the offense is murder. *Moore* v. *State,* 205 *Ga.* 37, 46 (52 S. E. 2d, 282) ; *Charlon* v. *State,* 106 *Ga.* 400 (32

S. E. 347); *Hamilton* v. *State,* 129 *Ga.* 747 (2) (59 S. E. 803). And where the offense, as against the person intended to be shot, would have been voluntary manslaughter, it is voluntary manslaughter as to the person actually killed. *McLendon* v. *State,* 172 *Ga.* 267 (4) (157 S. E. 475); *Strickland* v. *State,* 9 *Ga. App.* 552 (71 S. E. 919). The intent follows the bullet, and the defendant's intent to hit another than the deceased does not change the grade of the offense. Involuntary manslaughter not being in issue under the evidence, grounds 1, 2, and 7 are without merit. For the same reason ground 8 of the amended motion, which contends that the trial court erred in failing to charge the law of accident, misfortune and misadventure, is without merit, since under no phase of the evidence, including the defendant's statement, was the aiming and firing of the gun in the direction of Mose Long and his wife accidental, it being an intentional act on the defendant's part. See *Solesbee* v. *State,* 204 *Ga.* 16 (48 S. E. 2d, 834); *Kersey* v. *State,* 207 *Ga.* 326 (61 S. E. 2d, 493).

■ Grounds 3, 4 and 5 complain that the court, in charging the theory of self defense, while instructing the jury as to the circumstances in which the defendant would be justified if she killed to prevent a felony from being committed upon herself or her sister omitted to add the words, "or upon her father," and thus deprived the defendant of the defense of shooting in her father's protection. The defendant in her statement which was corroborated by her father's testimony, said that she saw her sister shot and ran into the room to get her pistol; that as she came out she saw her father standing in the hall and that he was bleeding, and that she fired the pistol up the hall at Mose Long. It is apparent that the intent to procure and use the pistol was formed when she saw her sister shot. The testimony was conflicting as to whether the father was shot or hurt in some other way and, if shot, as to who might have fired the bullet. He appears to have been standing in the hall throughout the affray, taking no part in the action. Under the circumstances here it was not error requiring reversal, in the absence of request, to fail to thus include him in the charge, which was otherwise correct.

■ The evidence authorized the verdict of voluntary man-

slaughter and, having the approval of the trial court, the judgment will not be disturbed by this court.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*