### 20794. WILSON *v.* THE STATE.

HAWKINS, Justice. Frank Wilson was convicted without recommendation to mercy in Warren Superior Court of the murder of LeRoy Toulson by shooting him with a shotgun. To the judgment denying his motion for a new trial as amended he excepts. *Held:*

1. The general grounds of the motion for a new trial have been expressly abandoned.

2. Special ground 1 of the motion for a new trial assigns error on the admission in evidence of three shotguns, two fired or spent shotgun shells, and three loaded or unfired shells, and on the denial of the motion to exclude all testimony as to the

three unfired shells and as to shotguns, with the exception of the shotgun which the State contends was used in the firing of the two empty shells, because they could have no bearing upon the case and the issues involved, and would be highly prejudicial to the defendant; that all three shotguns be excluded, unless the State can prove beyond a reasonable doubt that one of those shotguns fired the fatal shot which the State contends took the life of the deceased. There was no eyewitness to the shooting of the deceased, but in his statement to the jury the defendant admitted the shooting. The sheriff testified that he found one of the shotguns in the house where the defendant was at the time of the shooting, and two empty shotgun shells on the floor. The evidence discloses that, following the shooting, the defendant carried the other two shotguns to a neighbor's house, where he stated he had shot the deceased, and left them in the smokehouse where the sheriff found them the next morning loaded with two of the shells introduced in evidence. There was no evidence as to which particular gun fired the shot which killed the deceased. The evidence shows that all three guns and the shells had been in the possession of the defendant, and that the deceased died from wounds inflicted by such a gun. Under these circumstances, it was not error to deny the motion to exclude the guns, the shells, and the testimony relative thereto. See, in this connection, *Powers* v. *State*, 172 *Ga.* 1, 3 (15) (157 S. E. 195); *Shafer* v. *State*, 191 *Ga.* 722 (2) (13 S. E. 2d 798); *Garner* v. *State*, 6 *Ga. App.* 788 (4) (65 S. E. 842). In 22 C. J. S. 931, § 611, it is said: "Evidence is relevant to show that accused owned, possessed, or had access to, tools, implements, or any articles with which the particular crime was or might have been committed, and that he owned or had in his possession weapons with which the crime was or might have been committed prior to, or after, the commission of the crime."

3. Special ground 2 of the motion for new trial assigns error on the failure of the court to give in charge to the jury the law of voluntary manslaughter. Nowhere in the record, except in the statement of the defendant, is there anything even tending to show that the person killed committed or attempted to commit any assault or serious personal injury upon the defendant, or other equivalent circumstances to justify the excitement of passion. Even if the statement of the defendant

could be said to present the theory of voluntary manslaughter, there was no request in writing to charge thereon, and failure of the court to do so without such request was not error. *Lampkin* v. *State*, 145 *Ga.* 40 (88 S. E. 563); *Gore* v. *State*, 162 *Ga.* 267 (134 S. E. 36); *Jones* v. *State*, 207 *Ga.* 379 (62 S. E. 2d 187).

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 8, 1960—DECIDED MARCH 16, 1960.

*Robert L. Stevens, Warren D. Evans,* for plaintiff in error.

*J. Cecil Davis, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.