38880. SWEAT v. THE STATE.

JORDAN, Judge. Randall Sweat was indicted in the Superior Court of Bacon County for the offense of murder, and was convicted of voluntary manslaughter. He assigns error on the

overruling of his motion for new trial on the general and four special grounds. *Held:*

1. The trial court did not err in admitting into evidence two photographs identified as State's Exhibits 2 and 3 over the objection that said photographs were "prejudicial, irrelevant and immaterial, and not germane to any issue." *Manning v. State,* 33 Ga. App. 610, 612 (9) (127 S. E. 475). Special ground 1 is without merit.

2. Special grounds 2 and 3 contend that the court erred in failing to charge the jury without request the principles of law with reference to involuntary manslaughter. The court submitted to the jury the law of murder, voluntary manslaughter and justifiable homicide. Since these were the only grades of homicide authorized under the evidence, the court did not err in failing to charge the law of involuntary manslaughter as contended in these grounds. *Lynch v. State,* 207 Ga. 325 (2) (61 S. E. 2d 495); *Metts v. State,* 74 Ga. App. 708 (2) (41 S. E. 2d 328).

3. Special ground 4 contends that the court erred in giving the following in charge to the jury: "Gentlemen of the jury, the law puts on the defendant where he admits the killing the burden to satisfy the jury that he was justified under some rule of law, unless the evidence in the case against him shows some justification or mitigation." There being evidence of an admission of the homicide, made by the accused before the trial without any accompanying explanation which would justify the killing, this charge was not erroneous. *Mann v. State,* 124 Ga. 760, 763 (53 S. E. 324, 4 L. R. A. (NS) 934); *Roseboro v. State,* 127 Ga. 826 (56 S. E. 991).

4. The evidence adduced upon the trial by the State together with the defendant's statement, which disclosed that the defendant intervened in a quarrel between the deceased and a third person, that the deceased who was armed with a knife threatened the defendant, that they began to scuffle, and that the defendant drew his knife and killed the deceased by stabbing him, was sufficient to support the verdict of voluntary manslaughter.

Accordingly, the trial court did not err in denying the amended motion for new trial.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur.*

DECIDED MAY 30, 1961.

*J. Laddie Boatright,* for plaintiff in error.
*Dewey Hayes, Solicitor-General,* contra.