## 51066. DAVIDSON v. THE STATE.

STOLZ, Judge.

The defendant was tried for murder and convicted of voluntary manslaughter, from which he appeals.

The refusal of the trial judge to charge the jury, as requested, on the subject of involuntary manslaughter in the commission of an unlawful act, based upon the defendant's testimony that the decedent was attacking him with a rock and that the shotgun *accidentally* discharged as the decedent attempted to pull it away from the defendant, furnishes no ground for reversal. "[W]here the court charged that the same facts as those upon which the request was based would result in the acquittal of the accused, if the jury believed the death was due to an accident. The charge given was more favorable to the accused than that requested, leaving him no just ground of complaint." *Fair v. State,* 171 Ga. 112 (2) (155 SE 329). *Hill v. State,* 41 Ga. 484; *Drane v. State,* 147 Ga. 212 (2) (93 SE 217); *Carmichael v. State,* 115 Ga. App. 591 (2) (155 SE2d 439) and cits.; *Watson v. State,* 132 Ga. App. 204 (2) (207 SE2d 685) and cits.

*Judgment affirmed. Bell, C. J., Pannell, P. J., Deen, P. J., Quillian, Clark, Webb and Marshall, JJ., concur. Evans, J., dissents.*

SUBMITTED SEPTEMBER 9, 1975 — DECIDED OCTOBER 30, 1975 — REHEARING DENIED DECEMBER 2, 1975 — 

*Luman C. Earle,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.

EVANS, Judge, dissenting.

Alton Davidson was charged with murder, convicted of voluntary manslaughter, and sentenced to serve twenty years in prison. He appeals, and his sole enumeration of error is that the trial judge erred in failing to charge on *involuntary manslaughter.*

Davidson was sworn as a witness, and testified: "I had hold of the gun like this right here. I was holding when Leon jerked the gun through my hands right here and it went off and killed him. I didn't pull no trigger." (T. 124). The transcript is replete with other evidence similar to that quoted above.

Where "there is any doubt as to the grade of homicide of which he [defendant] is guilty, it is the duty of the court clearly and distinctly to instruct the jury as to the law, defining the several grades of homicide as recognized by the Penal Code, and then leave it to the jury to find from the evidence of what particular grade he [defendant] is guilty." *Smith v. State,* 23 Ga. App. 76, 77 (97 SE 454).

The court, in failing to charge the law of involuntary manslaughter, denied the jury the right to determine all the grades of the offense of homicide in the instant case. In murder prosecution, "Where there is evidence sufficient to raise a doubt, however slight, upon the question whether the homicide was murder or manslaughter, voluntary or involuntary, it is the duty of the court to charge on all these grades of homicide." *Thomas v. State,* 47 Ga. App. 237, 239 (170 SE 303).

The defendant testified that he did not pull the trigger of the weapon (T. pp. 112, 124). In *Howell v. State,* 123 Ga. App. 306, 307 (180 SE2d 599), the court in reversing the defendant's conviction of voluntary manslaughter held: "However, the defendant, testifying under oath, asserted that he had not intended to kill but

had drawn his gun thinking it would scare the victim and thus stop the encounter, that he had not intended to pull the trigger of the gun and really had no recollection of doing so. This raised a theory of involuntary manslaughter — of an unintentional firing of the gun and killing while in the commission of an unlawful act."

"Where the evidence (and the defendant's statement, if one was made), taken together or separately, raise a doubt, although slight, as to the intention to kill, the law of involuntary manslaughter should be given in charge." *Howell v. State,* supra. "If there is anything deducible from the evidence, or from the defendant's statement at the trial, that would *tend to show* manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter." *Griffin v. State,* 18 Ga. App. 462 (89 SE 537).

In *Wager v. State,* 74 Ga. App. 729 (41 SE2d 342), it was held reversible error not to charge the law of involuntary manslaughter even without a request to do so where there is slight evidence of an unintentional killing.

In the instant case, requests to charge had been filed, and denied, when the court said "The court will not charge request number two, four, ten, fifteen, and sixteen." (T. p. 144). The court's refusal to charge defendant's requests to charge on involuntary manslaughter was noted by the court. Thus defendant's counsel properly raised the issue of failure to charge on involuntary manslaughter. The trial court refused absolutely and never did charge the law of involuntary manslaughter.

In view of the foregoing, it seems an inescapable conclusion that the trial judge erred in not giving the defendant the benefit of a charge on involuntary manslaughter and accordingly I would reverse this case and order a new trial.